**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **RODNEY W SHOAF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CAUSE NO.: 3:23-cv-511** |
| **WAL-MART STORES EAST, LP,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, L.P. hereby removes this action from the Elkhart Superior Court in the State of Indiana to the United States District Court for the Northern District of Indiana—South Bend Division pursuant to 28 U.S.C. §§ 1441 and 1446. In support thereof, Defendant states as follows:

1.    Plaintiff Rodney Shoaf initiated this action on or about April 14, 2023 by filing a Complaint in the Elkhart Superior Court, Elkhart County, Indiana (Cause No. 20D03-2304-CT-000111) against Wal-Mart Stores East, L.P.[1] Plaintiff served Wal-Mart Stores East, L.P. with a copy of the Complaint and Summons by United States Certified Mail on May 5, 2023. A copy of all process, pleadings, and orders served upon Wal-Mart Stores East, L.P. appears at **Exhibit A**.

2.    Defendant filed this Notice of Removal within 30 days of receiving the initial pleading and within one year of the commencement of this action, in compliance with 28 U.S.C. § 1446(b)-(c). Because the Superior Court of Elkhart County, Indiana lies in the Northern District of Indiana, this Court is the appropriate venue for removal. 28 U.S.C. §§ 93(c) and 1441.

3.     Plaintiff was employed at the Walmart retail store located at 4024 Elkhart Road in Goshen, Indiana. [Pl.'s Compl., ¶ 1.]

4.     In his Complaint, Plaintiff alleges Defendant wrongfully terminated his employment in violation of public policy. [Pl.'s Compl., ¶¶ 2, 5-7.]

5.     Plaintiff requests compensatory damages, punitive damages, attorney fees and costs, and all other just and proper relief. [Pl.'s Compl., p. 2.]

6.     Plaintiff resides in and is a citizen of the State of Indiana. [Pl.'s Compl., ¶ 1.]

7.     Wal-Mart Stores East, LP operates the retail store in Goshen, Indiana where Plaintiff was employed. Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware with principal business offices located in Bentonville, Arkansas. Defendant's Corporate Disclosure Statement appears at **Exhibit B**.

8.     As of February 1, 2018, Wal-Mart Stores, Inc. is now known as Walmart Inc. [Df.'s Corp. Disc. Statement, ¶ 1.]

9.     Walmart Inc. is incorporated in Delaware and has its principal place of business in Arkansas. Walmart Inc. is the sole (100%) owner of Wal-Mart Stores East, LLC, which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC is the 99% owner and limited partner of Wal-Mart Stores East, L.P. WSE Management, LLC is the 1% owner and general partner of Wal-Mart Stores East, L.P. [Df.'s Corp. Disc. Statement, ¶ 1.]

10.    A defendant may remove to federal court a civil case brought in a state court so long as the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district

court has original jurisdiction in diversity where the suit arises between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. *Id*. at § 1332(a); *Travelers Property Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012). This Court has original diversity jurisdiction over Plaintiff's Complaint because Plaintiff and Defendant are citizens of different states and the amount in controversy well exceeds $75,000.00.

11.     Neither Wal-Mart Stores East, LP nor Walmart Inc. (formerly known as Walmart Stores, Inc.) is a citizen of Indiana.

12.     In determining whether diversity exists, a corporation is considered a citizen of the state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). Walmart Inc. is a citizen of Arkansas and Delaware under 28 U.S.C. § 1332(c)(1), as it is incorporated in Delaware and has its principal place of business in Arkansas. [Df.'s Corp. Disc. Statement, ¶ 1.]

13.     The citizenship of a limited partnership is based on the citizenship of each of its members for purposes of determining diversity jurisdiction. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 1021 (1990). Wal-Mart Stores East, LP is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation, which in turn is wholly owned by a Delaware corporation with its principal place of business in Arkansas. Thus, none of Wal-Mart Stores East, LP's limited or general partners are citizens of Indiana. [Df.'s Corp. Disc. Statement, ¶ 1.]

14.     Plaintiff, on the other hand, is a citizen of Indiana and resides there, by his own admission. [Pl.'s Compl., ¶ 1].

15.     Therefore, this is an action between citizens of different states, as required by 28 U.S.C. § 1332.

16.     To determine the amount in controversy in a removed action, courts evaluate the "amount required to satisfy the plaintiff's demands in full" and the record as a whole as it exists on the date of removal. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). Where, as here, the plaintiff's complaint does not demand a specific sum, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

17.     Plaintiff's Complaint supports a good-faith, plausible estimate that the amount in controversy exceeds $75,000. Plaintiff seeks lost income resulting from his discharge. [Pl.'s Compl. ¶ 8.] Courts compute back pay awards based on what a plaintiff would have earned from the time of the adverse employment action until trial. *See e.g.*, *Epstein v. Target Corp.*, No. 06-C7035, 2007 WL 551552, at *2 (N.D. Ill. 2007).

18.     Plaintiff's termination occurred on approximately June 14, 2022. At the time of his termination, Plaintiff earned $63,041 per year. Because Plaintiff's employment with Walmart ended on approximately June 14, 2022, he has accrued over $55,000 in potential back pay as of the date of removal alone.

19.     These back pay amounts would only increase during the pendency of the case. According to https://www.uscourts.gov/, the most recent median for a civil case in the Northern District of Indiana from the time of the filing to trial is 50.3 months. [https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2023.pdf (12-month period ending March 31, 2023).] Thus, measuring from the date of Plaintiff's termination, he could recover over 60 months of back pay through trial, or approximately $290,960, without even factoring in any lost benefits.

20.     Plaintiff's prayer for relief also seeks damages for financial distress, emotional distress, mental anguish, inconvenience, humiliation, embarrassment and other compensatory damages, as well as punitive damages. [Pl.'s Compl., p. 2.] Punitive damages are recoverable in retaliatory discharge cases. *See Hiatt v. Rockwell Intern. Corp.*, 26 F.3d 761, 765 (7th Cir. 1994). And, "punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law." *Casey-Beich v. United Parcel Serv., Inc.,* 295 F. App'x 92, 94 (7th Cir. 2008) (citing *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 551 (7th Cir. 2008)). Similarly, emotional distress damages are recoverable in retaliatory discharge cases and can be used to satisfy the amount in controversy requirement. *See, e.g., Travis v. Gary Community Mental Health Ctr., Inc.,* 921 F.2d 108, 111 (7th Cir. 1990) (affirming verdict in retaliatory discharge case, including award of emotional distress damages and punitive damages).

21.     Given Plaintiff's potential back pay through trial, compensatory damages, including emotional distress, and punitive damages, Defendant has established, plausibly, that the amount in controversy is well in excess of $75,000. Since the amount in controversy exceeds $75,000.00, it suffices to confer original diversity jurisdiction on this Court under 28 U.S.C. § 1332.

22.     Defendant provided written notice of the filing of this Notice of Removal, the attached exhibits, and the Notice of Filing of Removal which Defendant filed with the Clerk of the Elkhart County Superior Court to Plaintiff by mail on June 2, 2023.

WHEREFORE, consistent with this Notice, Defendant removes the above-described action now pending in the Elkhart County Superior Court, Indiana, to the United States District Court for the Northern District of Indiana—South Bend Division. Defendant preserves all other bases for removal of this action to this Court.

Dated:  June 1, 2023

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  *s/ Susan M. Zoeller*
Susan M. Zoeller, Atty. No. 19959-49
Phillip J. Jones, Atty. No. 36859-53
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
*susan.zoeller@ogletree.com*
*phillip.jones@ogletree.com*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, a copy of the foregoing was filed electronically with the Court.  Notice of this filing will be sent to the following by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Christopher C. Myers
MYERS SMITH WALLACE, LLP
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
*cmyers@myers-law.com*

*s/ Susan M. Zoeller*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076